IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KYLE McLINN; *et al.,*

        Plaintiffs,

v.                                                            Case No. 20-2385-JWB

THOMAS COUNTY SHERIFF'S DEPARTMENT, *et al.,*

        Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendants' Motion to Strike (Doc. 62) and Defendants' Motion for Extension of Time (Doc. 63). Plaintiffs have responded to the motion to strike (Doc. 67) and the court is prepared to rule. For the reasons stated herein, the motion to strike and the motion for extension of time are GRANTED

Plaintiffs filed a 45-page memorandum in opposition to a pending motion to dismiss. (Doc. 60.) The response is contrary to the undersigned's standing order limiting such responses to 30 pages, absent leave of court, which is available on the court's public website. *See* http://www.ksd.uscourts.gov/wp-content/uploads/2018/05/attachment-1.pdf. The affected Defendants have moved to strike the response for exceeding the page limit. (Doc. 62.) Plaintiffs' response offers a multitude of reasons why the motion should be denied, along with an alternative request that they be allowed to file a brief that complies with the court's page limitations. The court finds the latter suggestion is well-taken.

District courts have authority to regulate the practice of law in their courts in any manner consistent with federal law, the Federal Rules, and the district's local rules. Fed. R. Civ. P. 83(b).

This includes the authority to set page limits on matters submitted to the court and to strike materials that violate those page limits. *See Timmerman v. U.S. Bank, N.A.,* 483 F.3d 1106, 1112 (10th Cir. 2007); *Rodgers v. La. Bd. of Nursing,* 665 F. App'x 326, 328 (5th Cir. 2016); *Johnston v. Prairie View, Inc.*, 2020 WL 984287, *3 (D. Kan. Apr. 27, 2020) (court may use its inherent authority to strike documents that fail to comply with local rules.)  The court's standing order supplements this district's local rule on page limits and is consistent both with that rule and with the Federal Rules of Civil Procedure.  Plaintiff's response (Doc. 67) to the motion to strike offers no sufficient reason for exceeding the page limit in this particular instance.

Having considered the circumstances, the court concludes Doc. 60 should be stricken for failure to comply with the standing order.  Plaintiffs have shown that this error was due to oversight and that no party would be prejudiced by the filing of a brief that complies with the court's standing order.  Accordingly, Plaintiffs will be granted leave to file such a brief.

## Conclusion

Defendants' Motion to Strike (Doc. 62) is GRANTED; the clerk is directed to strike Doc. 60.  Plaintiffs are granted ten days from the date of this order to file a response to Doc. 50.  Defendants' motion (Doc. 63) for extension of time to file a reply is GRANTED; Defendants' reply is due 14 days after service of Plaintiffs' response.  IT IS SO ORDERED this 27th day of January, 2021.

\_\_\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE