# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KYLE McLINN; and
OUTLAW TOWING & RECOVERY, INC.,

                                                  Plaintiffs,

v.                                                                                                                     Case No. 20-2385-JWB

THOMAS COUNTY SHERIFF'S DEPARTMENT;
*et al.*,

                                                  Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiffs' motion to alter judgment. (Doc. 91.) The motion is fully briefed and is ripe for decision. (Docs. 92, 93.) For the reasons stated herein, the motion to alter judgment is DENIED.

### I. Background

In its April 26, 2021 order, the court dismissed Plaintiffs' First Amendment claims against Defendant Sheriff Joel Thomas Nickols in his individual capacity, finding Nickols was entitled to qualified immunity because "Plaintiffs have not shown that Nickols' alleged conduct violated clearly established law." (Doc. 81 at 19.) Plaintiffs now move under Fed. R. Civ. 9. 59(e) to alter this ruling, arguing that Nickols' conduct was contrary to clearly established law as stated in *Van Deelen v. Johnson*, 497 F.3d 1151 (10th Cir. 2007).

### II. Standards

A motion to reconsider a dispositive order[1] must be asserted pursuant to Fed. R. Civ. P. 59(e) or 60. *See* D. Kan. R. 7.3. Plaintiffs cite Rule 59(e) in their motion. (Doc. 91 at 1.) "Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Jenny Yoo Collection, Inc. v. Essense of Australia, Inc.*, No. 17-CV-2666-JAR-GEB, 2019 WL 2717167, at *2 (D. Kan. June 28, 2019) (citing *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017)). A motion to reconsider a prior ruling "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Rezac Livestock Comm. Co., Inc. v. Pinnacle Bank*, No. 15-4958-DDC, 2019 WL 2613179, *9 (D. Kan. June 26, 2019) (citations omitted). It is appropriate only "where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. *See Smith v. TFI Fam. Servs., Inc.*, No. 17-2235-JWB, 2020 WL 569807, at *1 (D. Kan. Feb. 5, 2020).

**III. Analysis**

Plaintiffs raised the *Van Deelen* argument in their response to the motion to dismiss (*see* Doc. 73 at 24-26) and the court expressly rejected it by distinguishing the facts of the instant case. (Doc. 81 at 19.) Specifically, the court noted allegations in the instant case that McLinn made repeated phone calls to the sheriff's office complaining about this incident over the course of two years. (Doc. 81 at 19.) The court pointed out that First Amendment rights co-exist with harassment laws that conceivably limit the manner in which citizens can convey complaints to government

---

[1] The meaning of "dispositive orders or judgments" in D. Kan. R. 7.3 continues to cause confusion, as it has been construed to mean any order that disposes of a claim, on the one hand, and on the other hand an order that disposes of all remaining claims in a case. *See Coffeyville Res. Refining & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010). Nickols argues the latter interpretation is correct and that Plaintiffs' motion is untimely as a result. *See* D. Kan. R. 7.3(b) (motion to reconsider non-dispositive order must be filed within 14 days). The court need not resolve the issue here, as Plaintiffs' motion clearly fails on the merits.

officials and noted Kansas statutes specifically punish the use of a telephone for the purpose of harassment. After considering *Van Deelen*, the court concluded

> The fact that the right to petition government officials is well established does not suffice to show that Nickols should have known that his conduct in these particular circumstances was unlawful. *See Dist. of Columbia v. Wesby,* 138 S. Ct. 577, 590 (2018) ("The 'clearly established' standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him.")

(Doc. 81 at 19.)

Plaintiffs' motion to alter judgment essentially repeats the same arguments previously asserted. *Cf. Rezac Livestock Comm. Co.,* 2019 WL 2613179 at *9 (a motion to reconsider "is not appropriate to revisit issues already addressed….") As the court indicated previously, *Van Deelen* did not involve repeated telephone calls to an official over an extended period of time, and Plaintiffs cited no other case from the United States Supreme Court or the Tenth Circuit finding conduct similar to Nichols' to be unlawful. Plaintiffs current motion cites two telephone harassment cases – *United States v. Popa,* 187 F.3d 672 (D.C. Cir. 1999) and *United States v. Weiss,* 475 F. Supp. 2d 105 (N.D. Cal. 2020) – that arguably support their claim that Nickols' conduct violated the First Amendment, but these cases hardly show that the law was so clearly established that any reasonable official in Nickols' position would have understood that his conduct was unlawful. *Cf. United States v. Waggy,* 936 F.3d 1014, 1018-19 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 138 (2020) (distinguishing *Popa* and concluding defendant's conviction for telephone harassment did not violate the First Amendment). To show that a right is clearly established, a defendant must "identify a Supreme Court or Tenth Circuit case that is sufficiently in point, or the clearly established weight of authority from other courts." *Bird v. Easton,* ___F. App'x ___, 2021 WL 2390364, * 2 (10th Cir. June 11, 2021) (citing *Redmond v. Crowther,* 882 F.2d 927, 935 (10th Cir. 2018)). Plaintiffs have not shown any error – let alone clear error – in the

court's conclusion that they failed to meet their qualified immunity burden to show that the law governing Nickols' conduct was clearly established.

**IV. Conclusion**

Plaintiffs' motion to alter judgment (Doc. 91) is DENIED. IT IS SO ORDERED this 28th day of June, 2021.

                                                    s/ John W. Broomes
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE